IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Vernon Davis, Jr.,  ) | C/A No.: 1:12-1665-SVH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | ORDER |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1]  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

This appeal from a denial of social security benefits is before the court for a final order pursuant to 28 U.S.C. § 636(c), Local Civil Rule 73.01(B) (D.S.C.), and the Honorable Timothy M. Cain's August 30, 2012, order referring this matter for disposition. [Entry #11]. The parties consented to the undersigned United States Magistrate Judge's disposition of this case, with any appeal directly to the Fourth Circuit Court of Appeals.

Plaintiff files this appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("the Act") to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

she applied the proper legal standards. For the reasons that follow, the court affirms the Commissioner's decision.

I.    Relevant Background

   A.    Procedural History

In 2006, Plaintiff filed applications for DIB and SSI in which he alleged his disability began on March 24, 2006. Tr. at 103, 109. His applications were denied initially and upon reconsideration. Tr. at 44–47. On September 26, 2008, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Edward Morriss. Tr. at 22–43 (Hr'g Tr.). The ALJ issued an unfavorable decision on November 5, 2008, finding that Plaintiff was not disabled within the meaning of the Act. Tr. at 12–21. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought an action in this court on June 3, 2010, seeking judicial review of the Commissioner's decision. *Davis v. Comm'r of the Soc. Sec. Admin.*, No. 1:10-1429 ("*Davis I*"), at Entry #1. On March 31, 2011, the undersigned issued a Report and Recommendation ("Report") recommending remand with instructions to the ALJ to consider Plaintiff's severe and non-severe impairments in combination at all steps in the sequential evaluation process. *Davis I*, Entry #20. On May 12, 2011, the district judge adopted the Report in its entirety. *Davis I*, Entry #27.

Subsequently, Plaintiff appeared at a second hearing before ALJ Morriss on February 9, 2012. Tr. at 411–30. The ALJ again found that Plaintiff was not disabled

2

within the meaning of the Act. Tr. at 392–405. On June 15, 2012, Plaintiff filed the present action seeking review of the Commissioner's decision. [Entry #1].

  B. Plaintiff's Background and Medical History

    1. Background

Plaintiff was 32 years old on the alleged onset date in 2006. Tr. at 103. He completed the twelfth grade and received a certificate of completion through a special education program. Tr. at 25–26. He did not receive a diploma. Tr. at 26. He took welding classes through a vocational rehabilitation program. Tr. at 25. His past relevant work ("PRW") was as a welder, a general laborer, and a fork-lift operator. Tr. at 140, 148.

    2. Medical History and Prior Administrative Proceedings

The undersigned provided detailed summaries of Plaintiff's medical history and his prior hearing testimony in the Report entered in *Davis I* at Entry #20. The undersigned incorporates those summaries by reference herein.

On July 25, 2011, following the remand of this case, Dr. Michael Smith wrote a letter at Plaintiff's request stating that he had been treating Plaintiff for back pain since 2010. Tr. at 556. Dr. Smith noted that Plaintiff had a chronic history of neck and low back pain and that an MRI from 2006 demonstrated spondylosis with broad-based central protrusion causing severe right and left impingement on the L4 nerve roots. *Id.* He further noted that Plaintiff suffered from a left paracentral angular tear and central and recess narrowing. *Id.* Dr. Smith stated that Plaintiff was being treated with "medical management" and had not had any significant improvement in his condition. *Id.* Dr.

3

Smith indicated that questions regarding Plaintiff's limitations and further outcomes should be directed to his back specialist. *Id.*

    C.    The Administrative Proceedings on Remand

        1.    The Administrative Hearing

            a.    Plaintiff's Testimony

At the hearing on remand on February 9, 2012, Plaintiff testified that he stopped working in 2006 after having knee and neck surgeries. Tr. at 414. He also testified to back pain around the same time and stated that two doctors told him that back surgery was not likely to be successful. Tr. at 414–15. He testified to difficulties reading and spelling and said that his mental difficulties had always limited him to physical work. Tr. at 415. He stated that he took an oral test to obtain his driver's license. Tr. at 420.

Plaintiff reported weighing 220 pounds and stated that his weight caused his knees and back to hurt. Tr. at 417–18. He stated that he continued to have numbness in his arms and hands, lower back pain, and pain and cramping in his legs. Tr. at 416–17. He testified that his doctors told him that they could not help him until he obtained insurance. Tr. at 420. He stated that he has always lived with his mother and that he used a cane to prevent falls while walking. Tr. at 420–21. He testified that he did not do chores around the house, cut grass, or help with shopping. Tr. at 422–23.

            b.    The Testimony of Plaintiff's Sister

Plaintiff's sister, Eva Davis, also appeared and testified at the hearing. She stated that she had always had to help her brother, that he had been in special education classes, and that he was socially promoted in school. Tr. at 425–26. Ms. Davis stated that her

4

brother could not read books meant for her young daughter and that this frustrated him. Tr. at 426. She testified that Plaintiff's limited social life and inability to be active, work, and contribute to the household left him depressed. Tr. at 427–28. Ms. Davis stated that her family could not afford to provide Plaintiff with all of the treatment he required. Tr. at 428.

2. The ALJ's Findings

In his March 9, 2012, decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
2. The claimant has not engaged in substantial gainful activity since March 24, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
3. The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine status post cervical fusion, status post left knee arthroscopy, obesity, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs. He is able to balance frequently and should never climb ladders, ropes, or scaffolds. Further, the claimant is limited to occasional overhead reaching bilaterally. He is able to understand, remember and carry out simple instructions but is limited to occasional contact with coworkers and supervisors.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
7. The claimant was born on January 26, 1973 and was 33 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules support a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
11. The claimant has not been under a disability, as defined in the Social Security Act, from March 24, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. at 394–405.

II. Discussion

Plaintiff alleges the Commissioner erred for the following reasons:

1) the ALJ failed to assess the combined effect of Plaintiff's multiple impairments;

2) the ALJ's 12.05C Listing analysis does not rest on substantial evidence; and

3) the ALJ made an improper credibility finding.

The Commissioner counters that substantial evidence supports the ALJ's findings and that the ALJ committed no legal error in his decision.

A. Legal Framework

1. The Commissioner's Determination-of-Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

6

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work.  *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982).  The claimant bears the burden of establishing his inability to work within the meaning of the Act.  42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy.  To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW.  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work.  *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146. n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [] made after a hearing to which he was a party."  42 U.S.C. § 405(g).  The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the

Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157–58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.  Analysis

1.  Combined Impairments Analysis

On remand, the ALJ was directed to consider the combined effect of Plaintiff's severe and non-severe impairments. *Davis I*, Entry #20 at 29, adopted by Entry #27. Plaintiff argues that the ALJ again failed to satisfactorily conduct this analysis. [Entry #17 at 14]. The Commissioner responds that the ALJ properly analyzed Plaintiff's

combined impairments and, unlike in his first decision, discussed this analysis at some length in the decision currently before the court. [Entry #19 at 4–6].

When, as here, a claimant has more than one impairment, the statutory and regulatory scheme for making disability determinations, as interpreted by the Fourth Circuit, requires that the ALJ consider the combined effect of these impairments in determining the claimant's disability status. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *see also Saxon v. Astrue*, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases in which courts in this District have reiterated importance of the ALJ's explaining how he evaluated the combined effects of a claimant's impairments). The Commissioner is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B) (2004). The ALJ must "consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50. "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.*

On remand, the ALJ added the following paragraph to his Listing analysis:

Moreover, I have considered the combined effects of the claimant's impairments, both severe and non-severe, and have determined that the findings related to them are not at least equal in severity to those described in Listings 1.00 or 12.00. In this regard, I have specifically considered the cumulative effects of the impairments on the claimant's ability to work (20 CFR 404.1523 and 416.923). Specifically, while the claimant has been assessed with degenerative disc disease of the lumbar and cervical spine status post cervical fusion, status post left knee arthroscopy, obesity, depression, anxiety, gout, and hypertension, the combination of impairments does not result in an inability to ambulate effectively, an inability to perform fine and gross movements effectively, sustained disturbance of gross and dexterous movements, sustained disturbance of

10

> gait and station, or significantly interfere with activity during the day. While the claimant's obesity may exacerbate symptoms related to his neck, back, and knees, the record does not document that the combination of these impairments is equal in severity to the Listings referenced above, as he is able to ambulate independently, use his upper extremities effectively, and complete activities during the day without significant interference from his impairments. Although his physical disorders may contribute to his depression and anxiety, the record reveals no more than moderate limitations in the four domains of mental functioning. Accordingly, while the combination of the claimant's impairments imposes some limitations, there is no indication in the record that they impose greater limitations than those inherent in the residual functional capacity assessment set forth below.

Tr. at 398. The court finds that the ALJ's discussion of Plaintiff's combined impairments is sufficient under *Walker*. Furthermore, Plaintiff has offered no explanation of how more discussion of his combined impairments may have changed the outcome of the ALJ's Listing analysis. For these reasons, the court finds the ALJ's Listing analysis sufficiently addressed Plaintiff's combined impairments. *See Brown v. Astrue*, C/A No. 0:10-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012) (finding that Fourth Circuit precedent issued after *Walker* suggested that *Walker* was not meant to be used as a trap for the Commissioner).

To the extent Plaintiff argues that the remainder of the ALJ's decision did not properly evaluate the combined effect of Plaintiff's impairments, his argument is unavailing. When considering whether the ALJ properly considered the combined effect of impairments, the decision must be read as a whole. *See Brown v. Astrue*, No. 10–1584, 2012 WL 3716792, *6 (D.S.C. Aug.28, 2012) ("Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments.") (citing

11

*Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. Aug. 14, 1995)). Because the court has determined that the ALJ sufficiently addressed Plaintiff's combined impairments in his Listing analysis, the court finds that it was not error for the ALJ to omit that discussion elsewhere in his decision.

        2.      Remaining Allegations of Error

Plaintiff also argues that the ALJ conducted a flawed credibility analysis and erred in finding that Plaintiff did not meet Listing 12.05C. Plaintiff raised these issues in *Davis I* and the court affirmed the Commissioner's findings. *Davis I*, Entry #20 at 19–24, 30–35, adopted by Entry #27. The ALJ's current decision is substantially similar to the prior decision on these issues. For the reasons stated in the undersigned's Report in *Davis I* [Entry #20], the court finds Plaintiff's remaining allegations of error to be without merit.

III.    Conclusion

The court's function is not to substitute its own judgment for that of the Commissioner, but to determine whether her decision is supported as a matter of fact and law. Based on the foregoing, the undersigned affirms the Commissioner's decision.

    IT IS SO ORDERED.

August 15, 2013                                  Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge